UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY S D.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-6107 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

    Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred by rejecting his symptom testimony and medical opinion evidence. Dkt. 8. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is 31 years old, has at least a high school education, and has worked as a hand packager. Admin. Record (AR) 27. In June 2021, Plaintiff applied for benefits, alleging disability as of November 29, 2017. AR 66, 75, 85, 94. Plaintiff's applications were denied initially and on reconsideration. AR 73, 82, 91, 100. After conducting a hearing in March 2023 (AR 34–64), the ALJ issued a decision finding Plaintiff not disabled from his alleged onset date

through the date of the decision with regards to his SSI application, and not disabled prior to his date last insured of December 31, 2019 with regards to his DIB application.  *See* AR 14–33.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.      **Plaintiff's Symptom Testimony**

Plaintiff testified he is unable to work because of severe social phobia.  AR 50.  He explained he does not leave his home because he panics when around others.  AR 51, 55.  In his function reports, Plaintiff wrote he has depression, mood swings, and issues with his memory and concentration.  AR 219, 224, 257, 264.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ rejected Plaintiff's testimony, finding his statements regarding the

"intensity, persistence and limiting effects" of his symptoms inconsistent with his record.  AR 23.  The ALJ's assessment is not entirely supported by substantial evidence.  The ALJ first discussed Plaintiff's mental health treatment records from April 2018, but did not identify the findings that negated Plaintiff's testimony.  *See* AR 24.  The ALJ next pointed to Plaintiff's longitudinal mental status examinations, describing them as "generally within normal limits."  AR 24–25.  "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Evidence highlighted by the ALJ shows Plaintiff was often frequently cooperative, fully oriented with logical thought process, and demonstrated intact memory and concentration with fair insight and judgment.  *See generally* AR 454–564.  While these findings would reasonably discount Plaintiff's testimony regarding his difficulties with concentration and his memory, they do not necessarily speak to his testimony about his social phobia.  The ALJ also pointed out that although Plaintiff's mood "was at times anxious and occasionally depressed," he also "often presented as euthymic."  AR 25.  But the record shows that even with normal mental status findings and a euthymic mood, Plaintiff's depression or social phobia remained or worsened.  *See* AR 517 (mood euthymic but "continues to struggle with social phobia"), 528 (mood euthymic but "[s]till seeks to solitude when attending family events"), 533 (mood euthymic but "continues to struggle with motivation to do things"), 543 (normal examination but assessed with "ongoing" anxiety and depression and no interaction with others), 866 (mood euthymic, depressed, and anxious), 1264 (mood euthymic but still struggling with anxiety and depression).  Reviewing the evidence cited by the ALJ, Plaintiff's mental status examinations do not appear to significantly undermine Plaintiff's statements.  In rejecting Plaintiff's testimony based its inconsistency with objective medical evidence, the ALJ erred.

      The ALJ also rejected Plaintiff's testimony based on his improvement from treatment. AR 25. The effectiveness of medication and treatment is relevant to the evaluation of a claimant's alleged symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). However, the ALJ's assessment is only partially supported by the record. Most of the treatment notes cited by the ALJ show reduction in Plaintiff's depressive symptoms, but not with Plaintiff's anxiety. *See, e.g.,* AR 483 ("made significant progress in reducing depressive symptoms" but anxiety remains "[p]ersistent"), 510 (mild depression but anxiety exacerbated by irritability), 511 ("[d]epressive symptoms responding fairly well to treatment" but anxiety remains "[p]ersistent"), 542 (mild depression but anxiety worsened by visitors), 561–62 (moderate depression but severe anxiety). Furthermore, any observations about Plaintiff's anxiety lessening were explained by Plaintiff avoiding interacting with others, not necessarily his medication, supporting Plaintiff's statements. *See* AR 1192, 1198.

      Finally, the ALJ rejected Plaintiff's testimony based on his activities of daily living. AR 25. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13. The ALJ's assessment is lacking. The ALJ highlighted Plaintiff's reports of his "adequate energy" to play video games and help with household chores, but did not explain how Plaintiff's capacity to partake in these activities undermine his testimony regarding his inability to interact with others. *See* AR 25. The ALJ also pointed out Plaintiff was able to attend college full time. *Id*. There are records, however, implying Plaintiff stopped attending school. *See* AR 543, 723, 889, 940, 952, 967, 1057, 1126. Defendant counters Plaintiff did not allege becoming disabled after attending college, but rather as of November 2017, therefore the ALJ reasonably found Plaintiff more capable than alleged. Dkt. 12 at 6. That Plaintiff stopped attending school after his alleged onset

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

date would not necessarily detract from his testimony, given there are some records that imply Plaintiff stopped attending because of his mental health. *See* AR 889, 1126. Further, the record indicates Plaintiff was no longer attending by June 2018, prior to his date last insured and therefore during the time period that he must establish disability for his DIB application. *See Vertigan v. Halter*, 260 F.3d 1044, 1047 n.1 (9th Cir. 2001). Therefore, the ALJ cannot reasonably discount Plaintiff's testimony for this reason.

In sum, the ALJ erred in failing to provide at least one valid reason, supported by substantial evidence, to reject Plaintiff's symptom testimony. This error is not harmless, as a proper evaluation of Plaintiff's testimony could have led to a different residual functionality (RFC) assessment and thus change the ALJ's decision that Plaintiff was not disabled. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

### 2. Dr. Anderson and Dr. Fitterer

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject

an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Both Dr. Anderson and Dr. Fitterer opined Plaintiff is moderately limited in several concentration and persistence, as well as social interaction, functionalities. AR 71, 80, 89–90, 98–99. They explained that "due to waxing and waning symptoms of depression and social anxiety," Plaintiff is moderately limited "in performing activities within a schedule, maintain[ing] regular attendance; sustain[ing] an ordinary routine without special supervision; work[ing] in coordination with or in proximity to others without being distracted by them and … complet[ing] a normal workday/workweek without interruptions from psychologically based symptoms." *Id*. They also opined that due to his social anxiety, Plaintiff "should not work directly with public," though he does have the ability to interact with supervisors. *Id*.

The ALJ found their opinions "inconsistent with and unsupported by the medical evidence and [Plaintiff's] demonstrated functioning," but the ALJ's assessment is not supported by substantial evidence. *See* AR 26–27. First, the ALJ's supportability analysis did not identify which of the doctors' findings failed to support their opinions. *See* 20 C.F.R. § 404.1520c(c)(1), 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). Second, in finding the doctors' opinions inconsistent with the record, the ALJ referenced the same objective medical evidence in rejecting Plaintiff's symptom testimony. However, as discussed above, most of Plaintiff's examinations do not address Plaintiff's inability to interact with others and are not necessarily reliable in showing Plaintiff's mental health given

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

Plaintiff could present normally while concurrently displaying depression and anxiety symptoms. The ALJ also cited to Plaintiff's activities of daily living and ability to attend school, but again, the ALJ provided no explanation how such activities would necessarily relate to Plaintiff's social phobia and there are conflicting records about Plaintiff's school attendance. In sum, because the ALJ's rejection of Dr. Anderson's and Dr. Fitterer's opinions fails to meet the substantial evidence standard, the ALJ erred.

3. **Other Issues**[1]

Plaintiff suggests the ALJ erred by failing to develop his record after his hearing. Dkt. 8 at 2. Plaintiff also contends the ALJ's erroneous evaluation of medical opinion evidence led to an erroneous residual functional capacity (RFC) assessment. *Id*. at 7. The Court need not address these arguments at this time as the ALJ's error in evaluating Plaintiff's testimony necessitates remanding this case for further proceedings.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's symptom testimony and the medical opinion evidence, reassess Plaintiff's RFC, proceed with the rest of the sequential analysis, and if necessary, take appropriate measures to ensure the record is complete.

DATED this 4th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel is reminded to comply with the Court's briefing requirements as these assignments of error were not included on the first page of his Opening Brief. *See* Dkt. 7 at 2.